UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JOHNSON,
    Petitioner,

v.

THERESA LANTZ and DAVID STRANGE,
    Respondents.

No. 3:09CV1354 (SRU)

## RULING ON PETITION FOR HABEAS CORPUS

Michael Johnson submits this habeas corpus petition *pro se* to vacate his convictions pursuant to 28 U.S.C. § 2254. Prior to serving the named defendants with the petition, the court ordered Johnson to show cause (doc. # 2) why this petition should not be dismissed as time-barred. Johnson responded to the order on November 17, 2009 (doc. # 3).

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. 28 U.S.C. § 2244(d)(1). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244; *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). The district court has discretion to raise the timeliness of a state prisoner's federal habeas petition *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence,

could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Johnson's response to the order to show cause explains that he was unable to obtain a copy of his file from his attorney and had to file a freedom of information ("FOI") request to obtain the papers. The documents produced in response to his FOI request provided the basis for his belated state habeas petition. Even assuming Johnson has shown cause for why equitable tolling should apply to his belatedly-filed state habeas petition, he has not shown cause for tolling his federal habeas petition. Johnson appealed the denial of his state habeas petition; the state appellate court declined review on November 13, 2001. The limitations period began running the next day. Johnson did not file his federal habeas petition until August 26, 2009. That petition was filed almost eight years after the final disposition of his state proceedings; it was well over the one-year limitations period provided in the statute. Johnson gave no explanation for this delay and thus, has failed to show why the federal petition is not time-barred.

The petition (doc. # 1) is **DENIED**; the clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of July 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge